UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DWIGHT LAMAR SANDERS,**

   Movant,

v.                                             No. 4:16-cv-0502-P
                                                 (No. 4:95-cr-0092-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the successive motion of Dwight Lamar Sanders under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, numerous subsequent filings, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion must be **DISMISSED**.

## BACKGROUND

Movant was adjudged guilty of being a felon in possession of a firearm under the Armed Career Criminal Act ("ACCA"). His presentence report ("PSR") reflected that he qualified for an enhanced sentence as an armed career criminal having at least three prior convictions for a "violent felony," a "serious drug offense," or both. The PSR cited as violent felonies Movant's convictions for burglary, PSR ¶ 29, aggravated sexual abuse, PSR ¶ 33, and two convictions for murder. PSR ¶¶ 31, 32. He was sentenced to a term of imprisonment of 327 months to be followed by a five-year term of supervised release. CR ECF No. 89. His conviction was affirmed. *United States v. Sanders*, 109 F.3d 768 (5th Cir. 1997). His petition for writ of certiorari was denied. *Sanders v. United States*, 522 U.S. 898 (1997).

Movant filed a motion under § 2255, which was denied. Civil Action No. 4:98-cv-0689-T. The United States Court of Appeals for the Fifth Circuit granted him tentative leave to file a successive motion under 28

U.S.C. § 2255 to challenge the enhancement of his sentence based on his prior convictions for murder, providing that this Court must dismiss the motion without reaching the merits if it determines that Movant has failed to make the showing required to file such an application. Order of June 8, 2016, *In re Sanders*, No. 16-10642.

## GROUNDS OF THE MOTION

Movant urges two grounds in support of his motion. First, the ACCA enhancement was based upon the unconstitutional residual clause. Second, in the absence of the ACCA enhancement, the sentence exceeded the statutory maximum of 120 months. ECF No. 1 at 7. In support, Movant argues that without the residual clause his prior convictions for murder cannot count as violent felonies in that offenses that require only causation of injury do not have the use of force as an element. ECF No. 3.

In a supplemental brief he filed, ECF No. 12, Movant says that he would like to raise additional arguments related to his other convictions. However, the Fifth Circuit has not authorized the Court to consider such grounds. 28 U.S.C. §§ 2255(h) & 2244(b)(3). Lack of authorization is a jurisdictional bar to this Court's consideration. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

## ANALYSIS

A prisoner pursuing a second or successive motion under § 2255 must meet strict procedural requirements before the district court can reach the merits of the motion. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). First, the Fifth Circuit must grant leave to file the motion. *Id.* That has been done here. Second, the movant must actually prove that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence.[1] If it does not, the district court must dismiss the motion without reaching the merits. *Id.* at 723–24.

The dispositive question here, as in *Wiese*, is whether the sentencing court, namely, this Court, relied on the residual clause in making its sentencing determination. If it did, then *Johnson v. United States*, 576

---

[1] Only a new constitutional rule is at issue here.

U.S. 591 (2015), creates a jurisdictional predicate for the Court to reach the merits of Movant's motion. *Wiese*, 896 F.3d at 724. If it did not, the Court must dismiss the motion.

During the time that Movant's motion has been pending, the Fifth Circuit has determined that to meet his burden as to the second procedural requirement, Movant must show that it was more likely than not that he was sentenced under the residual clause. *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019). In determining a sentencing court's potential reliance on the residual clause, the reviewing court must look to the law at the time of sentencing and may consider the sentencing record for direct evidence of the sentence, the relevant background legal environment, and the PSR and other relevant materials before the sentencing court. *Wiese*, 896 F.3d at 724–25; *United States v. Lindsey*, No. 20-10072, 2022 WL 458385, at *2 (5th Cir. Feb. 15, 2022).

Here, the record is silent as to the Court's reliance on the ACCA's elements clause or the residual clause. The record does reflect that no one questioned whether Movant's murder convictions were valid ACCA predicates. Movant now contends that pre-existing case law at the time of sentencing would have put the residual clause on the Court's radar.[2] ECF No. 15 at 5; ECF No. 37 at 1. However, the fact that "rumblings existed" means that the issue was equally available to Movant as to the Court, yet Movant did not object on that basis. Therefore, the Court cannot conclude that it more likely than not erroneously relied on the residual clause in sentencing Movant. *See United States v. Hernandez*, 779 F. App'x 195, 199–200 (5th Cir. 2019). Any uncertainty in the legal landscape, and there does not appear to have been any at the time,[3]

---

[2] In support of his motion, Movant initially relied only upon cases decided long after he was sentenced. ECF No. 3. In a later update, Movant suggested that the Court rely on an opinion from the Dallas division, *Vickers v. United States*, No. 3:15-CV-3912-B-BH, concerning a defendant who was indicted more than ten years after Movant. *See* ECF No. 21 (citing cases decided long after Movant was sentenced).

[3] The Court agrees with the government that it would have been "unimaginable in 1996 to argue that murder, especially intentional murder, was not a violent felony." ECF No. 29 at 7.

shows at most that the sentencing court might have relied on the residual clause. *United States v. Medina*, 800 F. App'x 223, 228 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1048 (2021). This does not meet the test. *United States v. Alexander*, 808 F. App'x 234, 238 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1083 (2021).

The Court need not reach the merits of the motion. Movant has not met his burden to proceed, and the motion must be, and is hereby, **DISMISSED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **23rd day** of **November 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE